EDWARD E. HARPOLE, RESPONDENT, v. MARTIN WUNDERLICH, ETC., APPELLANT.—93 S. W. (2d) 1104.

Kansas City Court of Appeals. May 4, 1936.

Joseph C. Lyons and Don Purteet for respondent.

Ragland, Otto & Potter and Forrest P. Carson for appellant.

CAMPBELL, C.—Plaintiff brought this suit against Martin Wunderlich, doing business as Martin Wunderlich Construction Company

and Ralph Harmon, to recover damages to his person and property, caused by a collision between the automobile owned and operated by him and an automobile driven by Harmon. Plaintiff obtained a judgment against both of the defendants. The defendant Wunderlich alone has appealed.

The collision occurred on November 5, 1933, upon highway 30 in Jefferson County, Missouri. We shall not state the facts relating to the cause of the collision nor the extent of injury or damage for the reason that the defendant Wunderlich does not claim that the verdict was excessive nor that the evidence was insufficient to show that the collision was caused by the negligence of Harmon.

The plaintiff's witness Hilgerth, in about fifteen minutes after the collision, went to the Harmon automobile, saw therein picks, shovels, dynamite, dynamite caps and blue-prints of highways. Some of the picks were lettered "W. C. Co." On one of the blue-print was written "Wunderlich Construction Company." Harmon in reply to questions stated that "he was going to another construction job in southwest Missouri; . . . that he nearly always had some of these tools in his car. . . ."

The plaintiff's son stated in his testimony that in three or four days after the accident he talked with a man who said his name was Harmon: "When he said his name was Ray Harmon I said, 'I understood your name was Ralph Harmon.' He replied, 'It don't make any difference either Ray or Ralph.' " While at the scene of the accident plaintiff heard Ralph Harmon say that he was taking the tools "to another job for the Wunderlich Construction Company."

Wunderlich, during the months of September, October and November, 1933, was engaged in highway construction work in Jefferson County and was required to and did file copies of his payrolls in the office of the State highway commission. Plaintiff's witness, an employee of the State highway department, produced payrolls of the Wunderlich Construction Company for the months of September, October and November, 1933. In one of the payrolls it was stated that Ralph Harmon was an employee of the Wunderlich Construction Company during a part of the month of October, 1933, but none of the payrolls indicated that Ralph Harmon was an employee of the construction company on November 4 or 5. On one of the payrolls it was stated that Ray Harmon was the employee of the construction company during October and November, 1933. The defendant objected to the evidence concerning Ray Harmon. When that objection was made, plaintiff said: "We will show that Ray and Ralph Harmon are one and the same person." The payrolls introduced by plaintiff show that Ralph and Ray Harmon were not the same person.

The plaintiff's evidence discloses that Ralph Harmon owned the automobile which he was driving at the time of accident. The defend-

ant Wunderlich was not present at the collision nor present when Ralph Harmon made any of the statements attributed to him.

Plaintiff claims the evidence was sufficient to make a prima facie case of agency. The statements of Ralph Harmon and the presence of the tools and other property in his automobile were not sufficient to show agency. And even though the evidence were sufficient to make a prima facie case of agency, then such case was destroyed by the uncontradicted evidence introduced by defendant Wunderlich to the effect that Ralph Harmon was discharged on November 3, 1933, paid his wage by check and that he was not the employee of Wunderlich on November 5. [Guthrie v. Holmes, 272 Mo. 215, 198 S. W. 845; Kurz v. Greenlease Motor Car Co., 52 S. W. (2d) 498; State ex rel. Kurz v. Bland et al., 64 S. W. (2d) 638.]

The evidence was insufficient to show that the defendant Wunderlich was liable for the negligence of his codefendant Harmon. It follows that the judgment must be and is reversed and the cause remanded. *Sperry, C.,* concurs.

PER CURIAM:—The foregoing opinion of CAMPBELL, C., is adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur.